UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT LEALI** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 06-5030** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** | **SECTION "L" (1)** |

### ORDER & REASONS

Before the Court is the Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 9). For the following reasons, the Plaintiff's motion is now DENIED.

This case arises from a dispute regarding flood insurance coverage for the Plaintiff's property (both residential and rental) located at 1404 Louisiana Avenue, in New Orleans, Louisiana, which was damaged during Hurricane Katrina. On August 28, 2006, the Plaintiff filed suit in this Court against Certain Underwriters at Lloyd's, London ("Defendant"), seeking payment under the relevant insurance policy for damages to the property and for loss of rental income.

In the instant motion, the Plaintiff asks the Court to find as a matter of law that the Defendant's adjustment of his insurance claim has been arbitrary, capricious, or without probable cause and to award bad-faith damages and attorney's fees pursuant to La. R.S. 22:1220 or La. R.S. 22:658. However, "[w]hether an insurer has been arbitrary and capricious is generally a question of fact." *La. Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So. 2d 1250, 1253 (La. 1993); *see also Sutton v. Oncale*, 99-967 (La. App. 5 Cir. 3/29/00), 765 So. 2d 1072, 1077-81. Accordingly, the Court will not summarily determine at

this stage of the litigation whether the Plaintiff is entitled to bad-faith penalties and fees.[1]

New Orleans, Louisiana, this  3rd  day of   July  , 2007.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE

---

[1] The Court will note, however, that the applicable version of La. R.S. 22:658 is that which was in effect at the time the Plaintiff's cause of action arose.  *See Lewis v. State Farm Ins. Co.*, No. 41,527 to 41,529 (La. App. 2 Cir. 12/27/06), 946 So. 2d 708, 728-29.  Thus, the Plaintiff's "recovery of penalties under [La. R.S.] § 22:658, if any, is limited to 25 percent of the amount found to be due [under the policy] and no attorney fees may be awarded under this statute."  *Ferguson v. State Farm Ins. Co.*, No. 06-3936, 2007 WL 1378507, at *4 (E.D. La. May 9, 2007).  Of course, "where La. R.S. 22:1220 provides the greater penalty, La. R.S. 22:1220 supersedes La. R.S. 22:658 such that [the Plaintiff] cannot recover penalties under both statutes."  *Calogero v. Safeway Ins. Co. of La.*, 753 So. 2d 170, 174 (La. 2000).